DCG   HRW USAO 2020R00407

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. 21-cr-143 PWG |
| EDLEY S. SLADE, | * | (Mail Fraud, 18 U.S.C. § 1341; |
| | * | False Statement to Obtain Federal |
| Defendant | * | Employees' Compensation, |
| | * | 18 U.S.C. § 1920; Forfeiture, |
| | * | 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. |
| | * | § 853(p), 28 U.S.C. § 2461(c)) |

*******

### INDICTMENT

#### COUNTS ONE THROUGH FIVE
#### (Mail Fraud)

The Grand Jury for the District of Maryland charges that:



#### Introduction

At all times relevant to this Indictment:

1.   The United States Department of Labor ("DOL") was a department of the executive branch of the United States Government. DOL's Office of Workers' Compensation Programs ("OWCP") administered the Federal Employees' Compensation Act ("FECA"), which provided compensation benefits to civilian employees of the United States for disability due to personal injury sustained while in the performance of duty. The FECA program included reimbursement for reasonable travel expenses to and from medical appointments related to the relevant injury, even if the employee returned to work.

2.   To determine eligibility for travel reimbursement, DOL required injured disabled employees to complete and sign DOL Form OWCP-957 ("Form 957"), also known as a

"Medical Travel Refund Request Form." Form 957 required employees to specify the date of travel, the direction of travel (round trip or one way), the locations and addresses traveled to and from, and the miles traveled via private automobile. The employees also were required to certify that the statements on Form 957 were true and correct and that any false statement or misrepresentation to obtain reimbursement from OWCP was subject to criminal prosecution.

## Background

3. Defendant **EDLEY S. SLADE ("SLADE")** was employed by the United States Postal Service ("USPS") as a mail processing clerk at the Curseen-Morris Processing and Distribution Center in the District of Columbia. **SLADE** retired from USPS in 2018. **SLADE** was a resident of Maryland.

4. **SLADE** reported three on-the-job injuries that OWCP determined qualified for FECA workers' compensation benefits. On September 21, 1995, **SLADE** filed a claim for back and left knee injury, which qualified **SLADE** for FECA compensation through OWCP.

5. On May 13, 2005, **SLADE** filed a claim for a right wrist injury, which qualified **SLADE** for FECA compensation through OWCP.

6. On September 1, 2005, **SLADE** filed a claim for a left wrist injury, which qualified **SLADE** for FECA compensation through OWCP.

## The Scheme to Defraud

7. From at least in or about January 2012 through in or about December 2019, in the District of Maryland, **SLADE** devised and willfully participated in a scheme and artifice to defraud OWCP and obtain money by materially false and fraudulent pretenses and representations, with intent to defraud and knowledge of the scheme's fraudulent nature, as further described below ("the scheme to defraud").

### Manner and Means

8. It was a part of the scheme to defraud that **SLADE** repeatedly sought and received reimbursement from OWCP pursuant to FECA for travel expenses allegedly incurred in connection with trips to and from medical appointments, physical therapy treatment, or trips to obtain medications that **SLADE** claimed had occurred, when, in fact, no such services had been provided on dates for which **SLADE** sought reimbursement or the mileage claims were materially inflated.

9. It was further a part of the scheme to defraud that, in order to obtain reimbursement from OWCP, **SLADE** prepared, certified, and mailed via the USPS numerous Form 957s to OWCP, knowing that the Form 957s contained materially false information, to wit, that **SLADE** had driven round trip via private automobile from **SLADE's** home in Forestville, Maryland to providers in various locations in the state of Maryland.

10. It was further a part of the scheme to defraud that **SLADE** obtained at least $66,385 in purported travel reimbursement, to which **SLADE** was not entitled.

### The Charge

11. On or about the dates set forth below, in the District of Maryland, the defendant

**EDLEY S. SLADE**

for the purpose of executing the scheme to defraud, knowingly caused to be delivered by the United States Postal Service, according to the direction thereon, the following matters and things:

| Count | Claim Date | Mail Matter or Thing |
|---|---|---|
| 1 | June 24, 2016 | Form OWCP-957 with false entries claiming inflated and nonexistent travel benefits for purported visits to pharmacy and treatment providers sent via USPS by **SLADE** to OWCP. |
| 2 | July 28, 2017 | Form OWCP-957 with false entries claiming inflated and nonexistent travel benefits for purported and nonexistent visits to the pharmacy and treatment providers sent via USPS by **SLADE** to OWCP. |
| 3 | June 14, 2018 | Form OWCP-957 with false entries claiming inflated and nonexistent travel benefits for purported and nonexistent visits to the pharmacy and treatment providers sent via USPS by **SLADE** to OWCP. |
| 4 | April 30, 2019 | Form OWCP-957 with false entries claiming inflated and nonexistent travel benefits for purported and nonexistent visits to the pharmacy and treatment providers sent via USPS by **SLADE** to OWCP. |
| 5 | December 5, 2019 | Form OWCP-957 with false entries claiming inflated and nonexistent travel benefits for purported and nonexistent visits to the pharmacy and treatment providers sent via USPS by **SLADE** to OWCP. |

18 U.S.C. § 1341

## COUNTS SIX THROUGH TEN
### (False Statement to Obtain Federal Employees' Compensation)

The Grand Jury for the District of Maryland further charges:

1. Paragraphs 1 through 10 of Count One are incorporated here.

2. On or about the dates listed below, in the District of Maryland, the defendant,

**EDLEY S. SLADE,**

in a matter within the jurisdiction of the United States Department of Labor, did knowingly and willfully make false, fraudulent, and material misrepresentations in connection with the receipt of compensation and benefits under the Federal Employees' Compensation Act, as detailed below:

| Count | Claim Date | Mail Matter or Thing |
|---|---|---|
| 6 | June 24, 2016 | Form OWCP-957 with false entries claiming inflated and nonexistent travel benefits for purported and nonexistent visits to the pharmacy and treatment providers sent by **SLADE** to OWCP. |
| 7 | July 28, 2017 | Form OWCP-957 with false entries claiming inflated and nonexistent travel benefits for purported and nonexistent visits to the pharmacy and treatment providers sent by **SLADE** to OWCP. |
| 8 | June 14, 2018 | Form OWCP-957 with false entries claiming inflated and nonexistent travel benefits for purported and nonexistent visits to the pharmacy and treatment providers sent by **SLADE** to OWCP. |
| 9 | April 30, 2019 | Form OWCP-957 with false entries claiming inflated and nonexistent travel benefits for purported and nonexistent visits to the pharmacy and treatment providers sent by **SLADE** to OWCP. |
| 10 | December 5, 2019 | Form OWCP-957 with false entries claiming inflated and nonexistent travel benefits for purported and nonexistent visits to the pharmacy and treatment providers sent by **SLADE** to OWCP. |

18 U.S.C. § 1920

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under any of Counts One through Five of the Indictment.

2. As a result of the offenses set forth in Counts One through Five of this Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant,

**EDLEY S. SLADE,**

shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, including, but not limited to, at least $66,385 in U.S. currency in the form of a money judgment.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of any defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be divided without difficulty;

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Jonathan F. Lenzner
Acting United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

May 5, 2021